| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Kognitiv US LLC** | | |
|---|---|---|---|---|
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | FDBA  Aimia US Inc.<br>FDBA  Loyalty Solutions LLC<br>FDBA  Aimia US LLC | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 82-0764765 | | |
| 4. | Debtor's address | **Principal place of business** | | **Mailing address, if different from principal place of business** |
| | | **121 Washington Ave. N, 4th Floor**<br>**Minneapolis, MN 55401**<br>Number, Street, City, State & ZIP Code | | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Hennepin**<br>County | | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.kognitiv.com | | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | | |

Debtor **Kognitiv US LLC**      Case number (*if known*) _____
    Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | | __5415__ |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ■ Chapter 11. *Check **all** that apply*: |
| | |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | |     ☐ A plan is being filed with this petition. |
| | |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ■ No. ☐ Yes. |
| | | District _____ When _____ Case number _____ |
| | | District _____ When _____ Case number _____ |

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No ☐ Yes. |

Debtor **Kognitiv US LLC**　　　　　　　　　　Case number (*if known*)
　　　　Name

List all cases. If more than 1, attach a separate list

Debtor _____　Relationship _____
District _____　When _____　Case number, if known _____

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.　Insurance agency _____
　　　　Contact name _____
　　　　Phone _____

### ■ Statistical and administrative information

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ■ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☐ 1,000-5,000 <br> ☐ 5001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than100,000 |
|---|---|---|---|---|

| 15. | Estimated Assets | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ■ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
|---|---|---|---|---|

| 16. | Estimated liabilities | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ■ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
|---|---|---|---|---|

Debtor  **Kognitiv US LLC**　　　　　　　　　　　　　　　　　　Case number (*if known*)
　　　　　Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April  2, 2025**
　　　　　　　　MM / DD / YYYY

**X** **/s/ Tim Sullivan**　　　　　　　　　　　　　　**Tim Sullivan**
　　　Signature of authorized representative of debtor　　Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

**X** **/s/ Patrick A. Jackson**　　　　　　　　　　　Date  **April  2, 2025**
　　　Signature of attorney for debtor　　　　　　　　　　　　MM / DD / YYYY

**Patrick A. Jackson**
Printed name

**Faegre Drinker Biddle & Reath LLP**
Firm name

**222 Delaware Avenue**
**Suite 1410**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-467-4200**　　　Email address  **patrick.jackson@faegredrinker.com**

**4976 DE**
Bar number and State

ACTION BY WRITTEN CONSENT OF THE SOLE MEMBER

OF

KOGNITIV US LLC

**April 2, 2025**

The undersigned, being the representative of Loyalty Solutions Holdings US Inc., a Delaware corporation (the "**Member**"), which is the sole member of Kognitiv US LLC, a Delaware limited liability company (the "**Company**"), acting by written consent without a meeting pursuant to Sections 18-402 and 18-404 of the Delaware Limited Liability Company Act and the Limited Liability Company Agreement of the Company, dated as of May 27, 2020, as amended by that First Amendment to Limited Liability Company Agreement, dated as of June 4, 2020, and as amended by that Second Amendment to Limited Liability Company Agreement, dated as of September 16, 2021 (as amended, the "**LLC Agreement**") (capitalized terms not defined herein have the meanings assigned to them in the LLC Agreement), does hereby consent to the adoption of the following resolutions with respect to the Company:

**WHEREAS** the Company is an indirect wholly owned subsidiary of Kognitiv Corporation, a privately held Ontario corporation (the "**Parent**"), which is the subject of a proceeding (the "**NOI Proceeding**") before the Superior Court of Justice in Toronto, Ontario under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985 c. B-3, as amended;

**WHEREAS** in the NOI Proceeding, the Parent carried out a sale process with the assistance of its restructuring advisor, Roystone Capital Management LP ("**Roystone Capital**"), and its proposal trustee, BDO Canada Limited (in such capacity, the "**Proposal Trustee**"), for the sale of its operations and assets (the "**Sale Process**");

**WHEREAS** as a result of the Sale Process, the Parent reached an agreement with Capillary Pte. Ltd., as purchaser (the "**Purchaser**"), on a transaction by which the Purchaser would acquire the Parent's operations and assets (the "**Transaction**"), which Transaction is supported by the Proposal Trustee;

**WHEREAS** the structure of the Transaction was originally conceived as a sale by the Parent to the Purchaser of all of the outstanding securities of the Member, which is the Parent's direct wholly-owned subsidiary; however, the Purchaser opted instead to require agreements with the Member and the Company for the purchase of their respective assets;

**WHEREAS** with respect to the Company, the Purchaser further required that the purchase occur through a sale under section 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), in the context of a case under chapter 11 of the Bankruptcy Code;

**WHEREAS** the Member has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

**WHEREAS** the Member has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS:**

**Pre-Petition Bridge Financing**

**RESOLVED**, that the Authorized Officers (as defined below) of the Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to obtain pre-petition bridge financing according to terms negotiated, or to be negotiated, by the management of the Company; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is authorized, directed, and empowered to execute appropriate loan agreements, security agreements, promissory notes, and related ancillary documents; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any pre-petition bridge financing by (i) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (ii) entering into such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

**Commencement and Prosecution of Chapter 11 Case**

**RESOLVED**, that, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that a voluntary petition (the "**Petition**") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing a case (the "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Authorized Officers (as defined below) of the Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Officer may determine; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered in the name of and on behalf of the

Company, to execute, acknowledge, deliver, and verify and file any and all schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Authorized Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as any Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Officers, shall be necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure, and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Faegre Drinker Biddle & Reath LLP ("**Faegre Drinker**") be, and hereby is, authorized, directed, and empowered to represent the Company as corporate, finance, restructuring, and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Faegre Drinker; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute

3

appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**Sale**

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to enter into that certain Asset Purchase Agreement dated as of March 31, 2025 (the "**Asset Purchase Agreement**"), between the Company, as vendor, and Capillary Technologies LLC (an affiliate of the Purchaser), as purchaser, and to take any and all actions in furtherance of consummating the transactions contemplated by the Asset Purchase Agreement as they may deem necessary or appropriate; and it is further

**Post-Petition Financing**

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is authorized, directed, and empowered to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (ii) entering into such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

**General Resolutions**

**RESOLVED**, that the Member hereby adopts any resolution required under the applicable securities laws of any jurisdiction to be adopted in connection with any of the transactions contemplated hereby, if (i) in the opinion of any Authorized Officer, the adoption of such resolution is necessary or advisable, and (ii) the secretary of the Company evidences such adoption by inserting into the minute book of the Company a copy of such resolution which will thereupon

be deemed to have been adopted by the Member with the same force and effect as if specifically presented to and executed by the Member; and it is further

**RESOLVED**, that the Company's Chief Executive Officer and General Counsel (the "Authorized Officers") are hereby each severally authorized in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to execute, file and deliver all instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that such person or persons may deem necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intentions of the foregoing resolutions; and the execution by any such person or persons of any such documents or the performance by any such person or persons of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefor from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is further

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer in connection with the transactions and other matters contemplated by the foregoing resolutions are hereby ratified, approved, confirmed and accepted in all respects; and it is further

**RESOLVED**, that these resolutions may be executed by facsimile, email, or other electronic means, and when so executed and delivered shall be deemed to be an original.

*[Signature page follows.]*

**IN WITNESS WHEREOF**, the undersigned has signed this instrument as of the date first set out above.

**LOYALTY SOLUTIONS HOLDINGS US INC.**,
the sole member


By: _/s/ Tim Sullivan_____
       Authorized signatory

Name: Tim Sullivan

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Kognitiv US LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-\_\_\_\_\_ (\_\_\_) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY SECURITIES HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3)**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Kognitiv US LLC (the "Debtor") certifies that the following corporate entity (i) directly or indirectly owns 10% or more of the Debtor and (ii) directly or indirectly holds 100% of the equity interests of the Debtor:

| Name and Address | Ownership & Interest |
|---|---|
| Loyalty Solutions Holdings US Inc.<br>121 Washington Ave. N<br>4th Floor<br>Minneapolis, MN 55401 | 100% Direct Ownership<br>100% of Equity Interest |

---

[1] The last four digits of the Debtor's federal tax identification number are 4765. The Debtor's mailing address is 121 Washington Ave. N, 4th Floor, Minneapolis, Minnesota 55401.

DMS_US.370412936.1

Fill in this information to identify the case:

Debtor name: **Kognitiv US LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| KPMG LLP<br>PO Box 4348<br>Station A Toronto, ON<br>M5W 7A6 Canada | kpmg-ar@kpmg.ca | Professional Services | | | | $31,236.06 |
| Carry Technologies dba Hightouch<br>2261 Market Street #5225<br>San Francisco, CA 94114 | accounting@hightouch.io<br>1-402-649-0812 | Software Licenses | | | | $15,000.00 |
| Thomson Reuters West<br>610 Opperman Drive<br>Eagan, MN 55123-1396 | CSM-WC@thomsonreuters.com | Professional Services | | | | $11,425.84 |
| Emarketer Inc.<br>One Liberty Plaza, 9th Floor<br>New York, NY 10006 | accounting@emarketer.com | Professional Services | | | | $8,100.00 |
| Husch Blackwell<br>PO Box 802765<br>Kansas City, MO 64180 | ARInfo@huschblackwell.com | Professional Services | | | | $8,060.50 |
| Figg, Incorporated<br>2561 Territorial Road<br>Saint Paul, MN 55114 | rmcdonald@gofigg.com | IT Services | | | | $5,452.50 |
| CT Corporation System<br>PO Box 4349<br>Carol Stream, IL 60197 | ctlegalnotice@wolterskluwer.com | Professional Fees | | | | $2,363.65 |
| Privacy Toll Free<br>2093 Philadelphia Pike #4678<br>Claymont, DE 19703 | mailto:contact@ccpatollfree.com | Professional Services | | | | $332.67 |

Debtor **Kognitiv US LLC**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim <br> If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Advanced Records Management** <br> **13700 Water Tower Circle** <br> **Plymouth, MN 55441** | | **Professional Services** | | | | $50.00 |

**Fill in this information to identify the case:**

Debtor name: **Kognitiv US LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April  2, 2025**            X **/s/ Tim Sullivan**
                                              Signature of individual signing on behalf of debtor

                                              **Tim Sullivan**
                                              Printed name

                                              **Authorized Signatory**
                                              Position or relationship to debtor